**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTWANETTE L. HOWARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-cv-03224-D** |
| | § | |
| **MEDICREDIT, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant Medicredit, Inc. ("Medicredit"), by and through its undersigned counsel, for its Answer respectfully states:

**Nature of the Action**

1. The matters asserted in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

**Jurisdiction and Venue**

2. The matters asserted in paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

3. The matters asserted in paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

**Parties**

4. Medicredit is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and, therefore, denies the same.

5. The matters asserted in paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

6.      Admit that Medicredit's headquarters are located in Missouri.  Medicredit denies the remainder of the allegations in paragraph 6 of the Complaint.

7.      The matters asserted in paragraph 7 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

8.      Admit that Medicredit acts through its "agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers".  Medicredit denies that it engaged in any conduct that violates the FDCPA, TCPA, or Texas Debt Collection Act.

**Alleged Facts Supporting Causes of Action**

9.      Admit that Medicredit called Plaintiff regarding a medical debt she owed. Medicredit denies the remainder of the allegations in paragraph 9 of the Complaint.

10.      Admit that Medicredit placed calls to the phone number stated in paragraph 10 of the Complaint.  Medicredit denies the remainder of the allegations in paragraph 10 of the Complaint.

11.      Medicredit is without sufficient information to admit or deny the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12.      Medicredit admits that it placed calls to Plaintiff from the phone number stated in paragraph 12 of the Complaint.  Medicredit denies the remainder of the allegations contained in paragraph 12 of the Complaint.

13.      Medicredit admits that it utilizes the telephone number referenced in paragraph 13 of the Complaint.  Medicredit denies the remainder of the allegations in paragraph 13 of the Complaint.

14.     Medicredit is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, denies the same.

15.     Admit.

16.     Medicredit is without sufficient information to admit or deny the allegations in paragraph 16 of the Complaint and, therefore, denies the same.

17.     Deny.

18.     Deny.

19.     Deny.

20.     Medicredit is without sufficient information to admit or deny the allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21.     Deny.

22.     Medicredit is without sufficient information to admit or deny the allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23.     Deny.

### Count I – Alleged Violations of the Fair Debt Collection Practices Act

24.     Medicredit incorporates its Answer to paragraphs 1 through 23 of the Complaint as if set forth fully herein.

25.     The matters asserted in paragraph 25 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

26.     The matters asserted in paragraph 26 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

27.     Admit.

28.     Admit.

**a.   Alleged Violations of FDCPA § 1692c(a)(1) and § 1692d**

29.    The matters asserted in paragraph 29 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

30.    Deny.

31.    Deny.

**b.   Alleged Violations of FDCPA § 1692e**

32.    The matters asserted in paragraph 32 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

33.    The matters asserted in paragraph 33 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

34.    Deny.

**c.   Alleged Violations of FDCPA § 1692f**

35.    The matters asserted in paragraph 35 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

36.    Deny.

37.    Deny.

**Count II—Alleged Violations of the Telephone Consumer Protection Act**

38.    Medicredit incorporates its Answer to paragraphs 1 through 37 of the Complaint as if set forth fully herein.

39.    The matters asserted in paragraph 39 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

40.    The matters asserted in paragraph 40 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

41.     Deny.

42.     Admit.

43.     Deny.

**Count III—Alleged Violations of the Texas Debt Collection Act**

44.     Medicredit incorporates its Answer to paragraphs 1 through 43 of the Complaint as if set forth fully herein.

45.     The matters asserted in paragraph 45 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

46.     The matters asserted in paragraph 46 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

47.     Admit.

48.     The matters asserted in paragraph 48 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the same.

49.     Deny.

50.     Deny.

**AFFIRMATIVE DEFENSES**

A.     All allegations set forth in the Complaint that have not been specifically admitted by Medicredit are hereby denied.

B.     The Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support.

C.     Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

D.      Medicredit states that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA.  Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions.  On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."  In part, this Declaratory Ruling provided:

> [A]utodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party, and, that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, 564 (2008).  And, referring to an earlier Order entered in 1992, the FCC stated:

> [P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.  Id.

E.      Medicredit states that Plaintiff's claims for violation of the Telephone Consumer Protection Act ("the TCPA") are preempted by the provisions of 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act ("FDCPA").  The FDCPA was specifically enacted by Congress to regulate communications in the collection of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating telemarketing calls, not calls placed in connection with collection of debts.  Therefore, imposing liability on Medicredit under the TCPA for any communications made to Plaintiff, and that were not telemarketing calls, violates the express intent and purpose of the TCPA.

F.      Medicredit states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual

damages. Alternatively, Defendants asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate her damages, if any.

G.     Medicredit asserts that any and all failures to comply with the requirements of the FDCPA and the Texas Fair Debt Collection Practices Act, Tex. Fin. Code § 392.001, *et seq*. ("TFDCPA"), which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA or TFDCPA, Defendants are not liable to Plaintiff.

H.     Medicredit states that to the extent that it has inadvertently violated the TCPA, FDCPA, and/or TFDCPA, such violation was accidental and unintentional.

I.     Medicredit states that to the extent that it has inadvertently violated the TCPA, FDCPA, and/or TFDCPA, this was caused by the actions of third-parties, to wit: the creditor in providing Plaintiff's cellular telephone number to Medicredit, and in representing to Medicredit that Plaintiff offered her cellular telephone number as the contact number for the account under which the debt was incurred.

J.     Medicredit presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as of yet unstated, affirmative defenses available. Medicredit hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court dismiss Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Jeremy W. Hays*
Jeremy W. Hays
Texas Bar No. 24083156
jeremy.hays@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Facsimile:  (214) 987-3927

**ATTORNEYS FOR DEFENDANT MEDICREDIT, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the above pleading was served via the Court's CM/ECF system on counsel of record, this 21st day of December, 2017.

*/s/ Jeremy W. Hays*
Jeremy W. Hays

32413430.1