**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ANTWANETTE I. HOWARD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-03224 |
| ) | |
| **MEDICREDIT, INC.,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Medicredit, Inc. ("Medicredit"), by and through its undersigned counsel, for its Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint respectfully states:

**I.     Preliminary Statement**

Plaintiff filed her Motion for Leave to File First Amended Complaint ("Motion for Leave") three weeks after the deadline set by this Court for amendment of pleadings.  Thus, contrary to what she asserts in her Motion for Leave, she must first establish good cause for her failure to timely file her amendment.  No such good cause exists.  Plaintiff was in possession of the "new information" she alludes to 31 days prior to the deadline for amendment of pleadings, but failed to file her Motion for Leave until some three weeks after the deadline.  Further, the "new information" Plaintiff mentions is recorded phone calls between her and Medicredit.  Plaintiff was a party to all of these calls and knew of their substance prior to filing suit.  Plaintiff, therefore, could have and should have asserted these claims in her original Complaint.  Even if Plaintiff could establish good cause for her untimely Motion for Leave, her proposed

amendments are futile and the result of undue delay. This Court, therefore, should deny Plaintiff's Motion for Leave.

## II. Background

1. Plaintiff filed this lawsuit on November 28, 2017, asserting various alleged violations of the FDCPA, TCPA, and TDCA. *See* Doc. #1.

2. Medicredit filed its Answer to that Complaint on December 21, 2017. *See* Doc. #11.

3. On January 23, 2018, this Court entered its Scheduling Order. *See* Doc. # 17.

4. In that scheduling Order, this Court set the deadline for amendment of pleadings for April 13, 2018. *See* Doc. #17, at p. 2 (§ D).

5. On January 26, 2018, Plaintiff served her first set of written discovery requests on Medicredit.

6. After an agreed-to extension, Medicredit served its responses to those requests, along with various documents, including recordings of phone calls between the parties, on March 13, 2018.

7. Plaintiff filed her Motion for Leave on May 4, 2018. *See* Doc. #18.

8. Plaintiff's proposed First Amended Complaint seeks to add allegations and claims for additional violations of the FDCPA and TDCA. *See id*.

9. In particular, Plaintiff seeks to add claims under sections 1692e(10) and (11) of the FDCPA that Medicredit failed to identify itself as a debt collector in a subsequent communication and under various sections of the FDCPA and TDCA for making alleged misrepresentations.

10.     While not specifically alleged in the proposed First Amended Complaint, the conversation that Plaintiff claims violated section 1692e(10) and (11) occurred on September 7, 2017.

11.     In at least two prior recorded communications with Plaintiff on May 8, 2017, and July 3, 2017, Medicredit identified itself as a debt collector calling to collect a debt.  *See* recording files submitted to the Court manually on CD as **Exhibit A** with file names **MC0010** (call of May 8, 2017), and **MC0007** (call of July 3, 2017).

### III.     Legal Standard

In the Fifth Circuit, when "the deadline set by the court for seeking leave to amend has expired, the more stringent Rule 16(b) determines whether leave to amend should be granted." *Mason v. Fremont Inv. & Loan*, 671 Fed. Appx. 880, 883 (5th Cir. 2016) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has passed.")).  That is, in that circumstance, a plaintiff should not freely be granted leave to amend; rather, she must show "good cause" as to why the amendment should be allowed despite her failure to do so before the deadline set by the court.  *Id.* (citing F.R.C.P. 16(b)(4)).  When determining whether "good cause" exists, courts in this Circuit consider four factors:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Rios v. City of Conroe*, 674 Fed. Appx. 366, 368 (5th Cir. 2016).

Further, a "party's mere inadvertence to meet a deadline and the absence of prejudice to the opposing side are insufficient to establish good cause.  Rather, one must show that 'despite

his diligence, he could not have reasonably met the scheduling deadline.'" *Stewart v. Atherio, Inc.*, 2018 WL 2047997, at *1 (N.D.Tex. May 2, 2018) (internal citations omitted) (quoting *Forge v. City of Ball*, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004)).

And even where "good cause" may exist under Rule 16(b), a court should still deny leave to amend when the amendment would be "futile" or the result of "undue delay", among other reasons. *See Mason*, 671 Fed.Appx. at 883 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999)); *and Stewart*, 2018 WL 2047997, at *2. "An amendment is futile if 'the amended complaint would fail to state a claim upon which relief could be granted' under the standard of Federal Rule of Civil Procedure 12(b)(6)." *Mason*, 671 Fed.Appx. at 883 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

### IV.     Argument

Because Plaintiff filed her Motion for Leave three weeks after the deadline set by this Court for amendment of pleadings, Rule 15(a)(2)'s directive that leave to amend should be given freely does not apply. Rather, Rule 16(b)'s requirement that "good cause" be shown applies here. As outlined below, Plaintiff cannot show good cause for her untimely request for leave and this Court should, therefore, deny Plaintiff's Motion for Leave.

Even if good cause exists for Plaintiff's Motion for Leave, this Court should still deny it because the proposed amendment is futile.

### A.     Plaintiff has not, and cannot, establish good cause for the proposed amendment.

First, Plaintiff applies the wrong standard. Indeed, Plaintiff wholly ignores in her Motion for Leave that the law of this Circuit requires that a plaintiff seeking to amend her complaint after the deadline set in a scheduling order must show "good cause" under F.R.C.P. 16(b). *Mason*, 671 Fed. Appx. at 883.

Here, good cause does not exist for at least two reasons: (1) Plaintiff was a party to the calls she seeks to add in her proposed First Amended Complaint and, thus, could have and should have made them part of her original Complaint; and (2) even assuming Plaintiff omitted these calls from her original Complaint by excusable neglect, she and her counsel were in possession of the "new information" Plaintiff claims forms the basis for her proposed amendment for 31 days prior to the deadline for amendment of pleadings, but waited until three weeks after the deadline had passed to seek this amendment.

Plaintiff asserts that "new information" was "uncovered" through written discovery that has given rise to the new claims she seeks to add in her proposed First Amended Complaint. Curiously, Plaintiff does not exactly indicate what this "new information" is. While Plaintiff is not clear about what the "new information" is, it is apparent that she refers to the recordings of the content of the phone calls between her and Medicredit. Notably, Plaintiff was a party to each of these calls, so they are not "new information" at all. Rather, as a party to the phone calls, Plaintiff was well aware of the phone calls prior to the time that she filed suit. In fact, at least one of the calls upon which Plaintiff bases her new claims occurred just two-and-a-half months prior to the filing of this suit.

In addition, Plaintiff was in possession of this "new information" for 31 days prior to the deadline for amendment of pleadings. As Plaintiff admits—after a voluntary extension—Medicredit served its responses to Plaintiff's written discovery requests on March 13, 2018, and the deadline for amendment of pleadings was not until April 13, 2018. Plaintiff, however, offers no explanation for her failure to timely seek leave to amend her Complaint.

In short, at best, Plaintiff can show "mere inadvertence" for her failure to meet the deadline set by this Court for amendment of pleadings. She has not and cannot show any reason

why she failed to meet that deadline—she knew of the content of the conversations prior to the time she filed her original Complaint, and she was in possession of the "new information" for one month prior to the deadline. Thus, Plaintiff easily and reasonably could have met the deadline for amendment of pleadings in this case had she been reasonably diligent. So, because Plaintiff cannot show she was unable to meet that deadline and cannot show more than a mere lack of prejudice to Medicredit, this Court should deny her Motion for Leave.

      **B.    Even if good cause for the proposed amendment does exist, the proposed amendment would be futile.**

And even if Plaintiff could establish good cause for her untimely Motion for Leave, her proposed amendment is futile and she unduly delayed in seeking the amendment.

        **i.    Plaintiff's proposed amendment is futile because, as a matter of law, each new claim could not withstand a motion to dismiss for failure to state a claim.**

            **a.    The claims for alleged violations sections 1692e(10) and (11) of the FDCPA based on the alleged failure of Medicredit to identify itself as a debt collector are futile**

As stated above, an "amendment is futile if 'the amended complaint would fail to state a claim upon which relief could be granted' under the standard of Federal Rule of Civil Procedure 12(b)(6)." *Mason*, 671 Fed.Appx. at 883 (quoting *Stripling*, 234 F.3d at 873). Plaintiff alleges in her proposed First Amended Complaint in a vague and conclusory fashion that during one phone call "Defendant failed to identify that it was acting as a debt collector." *See* Doc. #18-1, at p. 3 (¶ 20). Based on this allegation, Plaintiff claims that Medicredit violated 15 U.S.C. § 1692e(10) & (11). *See* Doc. #18-1, at p. 6 (¶ 38). But, Plaintiff omits that this call was the eleventh of twelve connected calls and that on each prior connected call during which Plaintiff and Medicredit actually spoke, Medicredit had specifically stated that it was a debt collector calling to collect a debt.

On nearly these exact same facts, the Ninth Circuit Court of Appeals has recently held that a debt collector did not violate the FDCPA when it did not state in a communication that it was a debt collector attempting to collect a debt. *See Davis v. Hollins Law*, 832 F.3d 962 (9th Cir. 2016). In *Davis*, the debtor obtained a credit card, purchased several items using it, and later failed to pay the balance. *Id*. at 964. The creditor then referred the debt to Hollins Law, a law firm and debt collection agency, for collection. *Id*. at 964–65. Hollins Law then first communicated with the debtor via phone on July 23, 2012, and the plaintiff did not allege that in that communication Hollins Law failed to state it was a debt collector calling to collect a debt. *Id*. at 965. The debtor and Hollins Law then exchanged several phone calls and emails over the course of approximately two months. Then, on September 25, 2012, a representative of Hollins Law left a voicemail with the debtor that stated, "Hello, this is a call from Michael Davis from Gregory at Hollins Law. Please call sir, it is important, my number is 866-513-5033. Thank You." *Id*. The voicemail did not state that Hollins Law was a debt collector. *Id*. at 965–66. At a bench trial, the trial court held that Hollins Law violated section 1692e(11) when it failed to state that it was a communication from a debt collector in September 25 voicemail. *Id*. at 966.

On appeal, applying the least sophisticated consumer standard, the Ninth Circuit reversed the trial court. *Id*. at 967–68. In particular, the Ninth Circuit concluded "given the extent of the prior communications, that the voicemail message's statement that the call was from 'Gregory at Hollins Law' was sufficient to disclose to a debtor with a basic level of understanding that the communication at issue was 'from a debt collect.'" *Id*. at 967. The court went on to state that "any other interpretation of [Hollins Law's] voicemail message would be 'bizarre or idiosyncratic.'" *Id*. (quoting *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012)). The court also held that given "the context, the call was not 'false, deceptive, or

misleading…and would not frustrate consumers' ability to intelligently chart a course of action in response to a collection effort." *Id*. And finally, the Ninth Circuit found that section "1692e(11) does not require a subsequent communication from the debt collector to use any specific language so long as it is **sufficient to disclose that the communication is from a debt collector**…" *Id*. (citing *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014)) (emphasis added); *see also Brannigan v. Harrison*, 2018 WL 1942520 (D.N.J. Apr. 24, 2018) ("Although *Davis* is not controlling, the Ninth Circuit's reasoning is persuasive. Like *Davis*, [the debt collector's]…voicemail came after [the debt collector] and Plaintiff had already communicated on several occasions.").

The facts in this case are nearly identical to those in *Davis* and *Brannigan*. Here, there are twelve connected phone calls between Medicredit and Plaintiff. While Medicredit and Plaintiff did not speak during each of those twelve calls, on at least two occasions, Medicredit disclosed that it was a debt collector and its communications were to collect a debt. In particular, on May 8, 2017, Plaintiff placed a call to Medicredit and, after verifying Plaintiff's identity, the representative of Medicredit stated that Medicredit is a debt collector and its communications are to collect a debt. And on July 3, 2017, Medicredit called and spoke with Plaintiff. During that call, the representative of Medicredit again disclosed Medicredit was calling to collect a debt and that it is a debt collector. Further, during the allegedly offending call on September 7, 2017, the representative of Medicredit stated she was calling from Medicredit on a recorded line on behalf of a creditor of Plaintiff.

So, here, similar to *Davis* and *Brannigan*, because on at least two occasions prior to the allegedly offending call Medicredit disclosed that it is a debt collector calling to collect a debt and because it stated during the allegedly offending call that the call was from Medicredit on

behalf of Plaintiff's creditor, Medicredit's communciations were "sufficient to disclose that the communication is from a debt collector." In other words, a "debtor with a basic level of understanding" would have known the September 7, 2017, call was from a debt collector. As such, as a matter of law, just as in *Davis* and *Brannigan*, Medicredit cannot have violated the FDCPA when it did not state on September 7, 2017, the exact words that it is a debt collector calling to collect a debt and, therefore, Plaintiff's proposed amendment is futile.

This Court, therefore, should deny Plaintiff's Motion for Leave.

### b.     The claim for an alleged misrepresentation is also futile.

Plaintiff also claims that Medicredit made a misrepresentation in violation of several sections of the FDCPA and TDCA when its representative "represented that the calls would continue it [sic] did not have control over the phone calls." Plaintiff, however, does not allege the specifics of the relevant portions of the phone call. Those specifics are that Medicredit spoke with Plaintiff, disclosed the balance on her account, and asked if Plaintiff could pay the balance. Plaintiff then stated that she would not be paying at that time but that she would pay off her balance when she obtained sufficient funds. The representative of Medicredit then stated, "I will notate your account, and I do want to apologize, but the calls will continue. We don't have any control over that part, okay?" *See* recording of phone submitted manually to the Court via CD as **Exhibit A** with the file name **MC0001**.

This statement is not a misrepresentation under either the FDCPA or TDCA. The FDCPA requires only that the debt collector cease communication with the debtor if receives "**in writing** [a notification] that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication…" 15 U.S.C. § 1692c(c) (emphasis added). And

the TDCA also requires only that the debt collector cease communications if it receives a dispute from the debtor **in writing**. *See* Tex. Fin. Code § 392.202.

Thus, when the representative of Medicredit informed Plaintiff, in response to her oral representation that she could not pay the debt at that time, that the calls would continue and that she had no control over "that part", Medicredit did not make any misrepresentation. Plaintiff had not made a written dispute of the debt or asked in writing that the communications stop. Thus, it was wholly accurate that, based on her oral representation that she could not pay at that time, the calls would continue and that she could not control the calls. As a matter of law, therefore, Medicredit did not make any misrepresentation in violation of the FDCPA or TDCA and Plaintiff's proposed amendment is futile.

Accordingly, this Court should deny Plaintiff's Motion for Leave.

      **C.**      **Plaintiff unduly delayed in seeking this amendment when she knew of all of the pertinent facts prior to filing suit.**

Because, as outlined in detail above, Plaintiff knew of all of the pertinent facts she alleges in support of her proposed First Amended Complaint, she could have and should have asserted those claims and allegations in her original Complaint. Plaintiff, however, failed to do so and, thus, unduly delayed in seeking this amendment. *See Shofner v. Shoukfeh*, 2017 WL 3841641, at *4 (N.D.Tex. 2017) (finding undue delay for amendment when plaintiff had access to information related to proposed amendment for extended period of time but did not diligently seek amendment).

This Court, therefore, should deny Plaintiff's Motion for Leave.

      **V.**      **Conclusion**

Plaintiff has failed to meet her burden of showing good cause for her untimely amendment to her Complaint. Plaintiff filed her Motion for Leave three weeks after the deadline

for amendment of pleadings and Plaintiff was in possession of the "new information" for at least 31 days prior to that deadline. More to the point, as a party to the calls that are the "new information" Plaintiff was well aware of this information prior to the time she even filed suit. Thus, no good cause for her untimely amendment exists.

And even if Plaintiff could establish good cause, her amendment is futile. As a matter of law, because Plaintiff had communicated with Medicredit on prior occasions and it had identified itself as a debt collector, Medicredit could not be deemed to have violated section 1692e(10) or (11) in the phone call on September 7, 2017. Further, Medicredit made no misrepresentations that would violate the FDCPA or TDCA. And, because Plaintiff knew of the allegations that she claims support her additional causes of action prior to the time she filed suit, she unduly delayed in seeking this amendment.

For all of these reasons, this Court should deny Plaintiff's Motion for Leave.

WHEREFORE Defendant Medicredit, Inc., requests that this Court deny Plaintiff's Motion for Leave and for any additional relief this Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/ Jeremy W. Hays*
Jeremy W. Hays
Texas Bar No. 24083156
jeremy.hays@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Facsimile:   (214) 987-3927

**ATTORNEYS FOR DEFENDANT MEDICREDIT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading was served via the Court's CM/ECF system on counsel of record, this 25th day of May, 2018.

                                          */s/ Jeremy W. Hays*
                                          Jeremy W. Hays

34238857.1